# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**RITA ESTEP-WENDELL,**

    **Plaintiff,**

**v.**                                                            **CASE NO. 3:23-cv-00687**

**THE HUNTINGTON NATIONAL BANK**

    **Defendant.**

## NOTICE OF REMOVAL

Defendant The Huntington National Bank ("Huntington"), pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the case styled *Rita Estep-Wendell v. The Huntington National Bank*, Civil Action No. 2023-C-49, pending in the Circuit Court of Mason County, West Virginia to this Court. As grounds for the removal of this action to this Court, Huntington states as follows:

1. This Notice of Removal is filed pursuant to 28 U.S.C. § 1441(a) and § 1446, which provides that any civil action brought in a State Court of which the District Courts of the United States have original jurisdiction may be removed by the Defendant.

2. Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint served on Huntington is attached as **Exhibit 1**. Information from the West Virginia Secretary of State's office regarding service of process is attached as **Exhibit 2**. A copy of the Mason County, West Virginia docket sheet for this matter is attached as **Exhibit 3**. Upon information and belief, other than these filings, no other proceedings have occurred in State Court, and no other pleadings, process, or orders have been served.

3. A copy of the Summons and Complaint were served on the West Virginia Secretary of State on or about September 15, 2023. **Exhibit 2**. However, a copy of the Summons and Complaint was not actually delivered to Huntington until October 3, 2023. Id.

4. This Notice of Removal is filed within thirty days[1] of receipt of a pleading or document that made the civil action removable and, therefore, is timely under 28 U.S.C. § 1446(b).

5. Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the District Courts of the United States have original jurisdiction may be removed to the District Court of the United States for the district and division embracing the place where the action is pending. See 28 U.S.C. § 1441. The Southern District of West Virginia is the United States District Court assigned to Mason County, West Virginia, the county in which the state court action is pending.

6. As required by 28 U.S.C. § 1446(d), Huntington, the removing party, will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice with the Clerk of the Circuit Court of Mason County, where the action is currently pending.

7. The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties. Huntington was, at the time the state court action was filed, and remains as of the date of filing of this Notice of Removal, diverse in citizenship from Plaintiffs. See 28 U.S.C. § 1332(a). Also, this court has original jurisdiction

---

[1] If calculating from September 15, 2023 (date of service on the W. Va. Secretary of State), then the deadline for removal would be October 16, 2023. However, it is not proper to start calculating the thirty-day deadline until Huntington actually received a copy of the Complaint and Summons, which occurred on October 3, 2023. See Elliott v. Am. States Ins. Co., No. 17-1421, 2018 U.S. App. LEXIS 3952, at *16 (4th Cir. Feb. 20, 2018)("we now hold that service on a statutory agent is not service on the defendant within the meaning of § 1446(b)"); see also, McKinney v. Bd. of Trs. of MD Cmty. Coll., 955 F.2d 924, 925 n.2 (4th Cir. 1992)(applying same logic to conclude that defendant removed the action in timely fashion). Regardless, Huntington is filing this Notice of Removal in a timely fashion.

over this case because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

8. Upon information and belief, at the time of the filing of Plaintiff's Complaint and at the time of filing of this Notice of Removal, Plaintiff Rita Estep-Wendell was a resident and citizen of Mason County, West Virginia. Complaint at ¶ 1.

9. At the time of the filing of Plaintiff's Complaint and at the time of filing of this Notice of Removal, Huntington's main office was in Ohio. *See* The Huntington National Bank's Registration Information with the Federal Deposit Insurance Corporation, attached as **Exhibit 4**. Thus, Huntington is a citizen of Ohio for diversity of citizenship purposes. 28 U.S.C. § 1348; *see Wachovia Bank N.A. v. Schmidt, et al.*, 546 U.S. 303, 307 (2006)(a national bank is a citizen of the state where its main office is located); *see also*, *White v. Sovereign Bank*, 2014 U.S. Dist. LEXIS 109871, at *21 (S.D. W. Va. Apr. 1, 2014)("Bank of America is a citizen of North Carolina for purpose of diversity of citizenship as its main office is located in Charlotte, North Carolina.").

10. Therefore, there is complete diversity as required under 28 U.S.C. § 1332.

11. Additionally, the amount in controversy exceeds $75,000.00, as required under 28 U.S.C. § 1332.

12. The thrust of Plaintiff's lawsuit is based on an allegation that Huntington purportedly engaged in improper debt collection processes "through the use of telephone calls and written communications," including an allegation that Huntington "continued to contact the Plaintiff regardless of its knowledge of the Plaintiff's retention of counsel." Complaint at ¶¶5; 8. The Complaint asserts six (6) separate causes of action, which are based on the following allegations: (1) Huntington allegedly committed "repeated violations"[2] of the West Virginia

---

[2] Complaint at ¶13.

3

Consumer Credit and Protection Act ("WVCCPA") by continually contacting Plaintiff via telephone; (2) Huntington allegedly committed multiple "violations"[3] of the West Virginia Computer Crimes and Abuse Act by harassing Plaintiff; (3) Huntington allegedly "made telephone calls to Plaintiff causing Plaintiff's telephone(s) to ring repeatedly and continuously with the intent to annoy and harass the Plaintiff"[4] in violation of West Virginia's Telephone Harassment Statute; (4) Huntington allegedly engaged in common law Negligence by failing to "train, supervise, monitor or otherwise control its employees"[5]; (5) Huntington is allegedly liable for common law Intentional Infliction of Emotional Distress because the conduct of making telephone calls was allegedly "atrocious, intolerable, and extreme so as to excess the bounds of decency"[6]; and (6) Huntington is allegedly liable for common law Invasion of Privacy because Plaintiff's right of privacy was "invaded, damaged and harmed"[7] by the alleged telephone calls. The Complaint also seeks the following damages: (1) actual damages authorized by the WVCCPA; (2) statutory damages, in the maximum amount authorized by the WVCCPA, as adjusted for inflation, for all of the alleged violations identified above; (3) the costs of litigation, including attorney fees, court costs and fees; (4) general and compensatory damages for the Negligence claim; and (5) general, compensatory, and punitive damages for the claims identified in Count II (Computer Crimes and Abuse Act), Count III (Telephone Harassment Statute), Count IV (Negligence), and Count V (Intentional Infliction of Emotional Distress). Complaint at p. 7 (Demand for Relief).

13.   When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to "show what the stakes of the litigation are given the plaintiff's

---

[3] Id. at ¶20.
[4] Id. at ¶24.
[5] Id. at ¶29.
[6] Id. at ¶32.
[7] Id. at ¶37.

actual demands." *Scott v. Cricket Communs., LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (ellipsis and internal quotations omitted). In such a situation, the key inquiry for determining the amount in controversy is "not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'" Id. at 196 (*quoting McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553-54 (2014) the United States Supreme Court explained the standard for pleading amount in controversy in removal:

> When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith. Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.
>
> \* \* \*
>
> In sum, as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

14. Further, in determining the amount a plaintiff has placed in controversy for purposes of removal, "[w]hen there is a maximum penalty by statute, it is appropriate to measure the amount in controversy by the maximum and not by what the plaintiff is likely to win. This method of measuring the amount in controversy is also the common practice in cases under the WVCCPA which have been removed to federal court." *Kelley v. Sallie Mae, Inc.*, Case No. 5:14cv138, 2015 U.S. Dist. LEXIS 48704, *12 (N.D. W. Va. April 14, 2015) (internal citations omitted).

15. The statutory violations alleged by Plaintiff allow for the recovery of penalties. First, the WVCCPA provides for the following damages: "(a) Actual damages; and (b) a right in an action to recover from the person violating this chapter a penalty of $1,000 per violation. . . ."

W. Va. Code § 46A-5-101(a).[8] Second, violations of the West Virginia Computer Crimes and Abuse Act carry a $500 fine for the first violation, and a $1,000 fine for each subsequent offense. W. Va. Code § 61-3C-14a(e). Third, violations of West Virginia's Telephone Harassment Statute carry a $500 fine for each violation. W. Va. Code § 61-8-16(d).

16. Additionally, the WVCCPA is a fee shifting statute and may entitle Plaintiff to "reasonable attorney's fees and expenses." W. Va. Code § 46A-5-104. Many courts in West Virginia have included attorneys' fees in determining the amount in controversy for purposes of removal. *See Waters v. Electrolux Home Products, Inc.*, Case No. 5:13cv151, 2015 U.S. Dist. LEXIS 54728, *20-23 (N.D. W. Va. 2015); *Holstein v. Sears Holding Corp.*, Case No. 2:14-21166, 2014 U.S. Dist. LEXIS 125755 (S.D. W. Va. 2014); *Dunlap v. Green Tree Servicing, LLC*, Case No. 2:05-0311, 2005 U.S. Dist. LEXIS 32485 (S.D. W. Va. 2005) ("attorney fees, when allowed as here by an applicable statute [W.Va. Code 46A-5-104], may be included in calculating the amount in controversy"); *Jones v. Capital One Bank (USA), N.A.*, Case No. 6:09-cv-00994, 2009 U.S. Dist. LEXIS 98807 (S.D. W. Va. 2009); *Maxwell v. Wells Fargo Bank, N.A.*, Case No. 2:09-0500, 2009 U.S. Dist. LEXIS 94476 (S.D. W. Va. 2009); *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).[9] In *Waters v. Electrolux Home Products, Inc.*, a case decided after the Supreme Court's decision in *Dart Cherokee Basin*, the court determined that the amount in controversy requirement for removal had been met without the need to consider attorneys' fees, but the court nevertheless noted that attorneys' fees could be included in the amount in controversy calculation

---

[8] Pursuant to West Virginia Code § 46A-5-106, any violations or penalties under the WVCCPA may be adjusted for inflation at the time of the award.

[9] Defendant is aware that some courts in West Virginia have excluded attorneys' fees from the amount in controversy calculation because an award of such fees is discretionary under the WVCCPA and may be deemed too speculative. The majority of those cases, however, were decided prior to the United States Supreme Court's recent clarification of the removal standards as explained in *Dart Cherokee Basin,* a case decided in December of 2014.

for claims asserted under the WVCCPA where the complaint contained allegations that the defendant had engaged in deceptive, misleading, and unfair conduct, and conduct that was unconscionable. *Id*. at *20-23 ("given the plaintiffs' WVCCPA claim, and this Court's findings above, attorneys' fees are not speculative"). Plaintiff has made comparable allegations in the Complaint filed in this present action. When considering the amount-in-controversy requirement, it is appropriate to include the reasonable attorneys' fees that would be incurred during discovery, as well as preparing and participating in a trial in this matter.

17. Plaintiff's claims for punitive damages under her various causes of action may also be considered by the Court in determining whether the amount-in-controversy requirement is satisfied. *See, e.g.*, *Scaralto v. Ferrell*, 826 F. Supp. 2d 960 (S.D. W. Va. 2011). All of the common law causes of action alleged by Plaintiff allow for punitive damages, as well as the alleged statutory violations. *See, e.g.,* W. Va. Code § 61-3C-16(a) (West Virginia's Computer Crime and Abuse Act allows for compensatory and punitive damages in addition to statutory penalties).

18. Taking into account statutory penalties, compensatory damages, punitive damages, and attorneys' fees and costs that Plaintiff would be entitled to if she succeeds on the merits, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse in their respective citizenship and the amount-in-controversy exceeds $75,000.00.

19. Notice of this removal, attached hereto as **Exhibit 5**, has been filed with and provided to the Clerk of the Circuit Court of Mason County, West Virginia.

20. Huntington has complied with all applicable provisions of 28 U.S.C. § 1446 governing the process for removal.

Accordingly, Huntington submits this Notice of Removal to the Court and respectfully gives notice to the Clerk of the Circuit Court of Mason County, West Virginia, that this removal

is effected on this 16th day of October, 2023, and that no further action by the Circuit Court shall take place unless this action be remanded by this Court.

        **THE HUNTINGTON NATIONAL BANK,**

        **BY DINSMORE & SHOHL LLP**

        */s/ Jill Cranston Rice*
        Jill Cranston Rice (WV State Bar No. 7421)
        Alex M. Greenberg (WV State Bar No. 12061)
        Dinsmore & Shohl LLP
        215 Don Knotts Blvd., Suite 310
        Morgantown, WV  26501
        Telephone:  (304) 296-1100
        Email:  jill.rice@dinsmore.com
        Email:  alex.greenberg@dinsmore.com

        Matthew L. Ward (WV State Bar No. 11903)
        Dinsmore & Shohl LLP
        611 Third Avenue
        Huntington, WV 25701
        Telephone:  (304) 529-6181
        Email:  matthew.ward@dinsmore.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

RITA ESTEP-WENDELL,

    **Plaintiff,**

v.                                                  CASE NO.  3:23-cv-00687

THE HUNTINGTON NATIONAL BANK

    **Defendant.**

### CERTIFICATE OF SERVICE

    I, Jill Cranston Rice, do hereby certify that the foregoing **Notice of Removal** was served upon all parties via the CM/ECF Court System, and by regular U.S. Mail, on this the 16th day of October, 2023 to the following counsel of record:

Benjamin Sheridan
Megan A. Patrick
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
*Counsel for Plaintiff*

                                              */s/ Jill Cranston Rice*
                                              Jill Cranston Rice (WV State Bar No. 7421)